# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Joan Straube and Joseph Straube,            Civil No. 04-3106 (SRN/JJG)
wife and husband,

        Plaintiffs,

v.                                                                        **ORDER**

Wyeth d/b/a Wyeth, Inc.,
Wyeth Pharmaceuticals, Inc.,
Pharmacia & Upjohn Company, and
Pfizer, Inc.,

        Defendants.

---

Charles S. Zimmerman & Ronald S. Goldser, Zimmerman Reed, PLLP, 1100 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402; James A. Morris, Jr., Morris Law Firm, 11614 Bee Caves Road, Suite 200, Austin, Texas 78738; and Michael L. Williams, Williams, Love, O'Leary & Powers, PC, 9755 Southwest Barnes Road, Suite 450, Portland, Oregon 97225, counsel for Plaintiffs.

Carrie L. Hund & Edward F. Fox, Bassford Remele, PA, 33 South Sixth Street, Suite 3800, Minneapolis, Minnesota 55402, counsel for Defendants.

---

## INTRODUCTION

This is one of many product-liability actions filed in the District of Minnesota related to injuries allegedly caused by the ingestion of the hormone replacement therapy medication, specifically Premarin, Prempro and Provera. Plaintiffs Joan and Joseph Straube filed this action against Wyeth d/b/a Wyeth, Inc. and Wyeth Pharmaceuticals, Inc., Pharmacia & Upjohn Company and Pfizer, Inc. This case was originally

consolidated into a multi-district litigation but has since been remanded.  After remand, the Court issued an Order requiring the parties to brief the propriety of a transfer under 28 U.S.C. § 1404, given that it appears that the case lacks any discernable connection to Minnesota and that a transfer would likely promote the interest of justice.  (Doc. No. 9.) Plaintiffs now request transfer to the United States District Court for the Northern District of Illinois, Eastern Division.  Defendants oppose transfer from the District of Minnesota but explain that if the Court is inclined to transfer the case, they agree that it should be transferred to the Northern District of Illinois.  For the reasons stated below, the Court transfers this case to the Northern District of Illinois, Eastern Division.

## BACKGROUND

Plaintiffs are both residents of the State of Illinois.  (Compl. ¶ 4; Pls.' Submission Re Propriety of § 1404(a) Transfer ("Pl.'s Submission") at 3, 8.)  Defendant Wyeth d/b/a Wyeth, Inc. is a Delaware corporation with its principal place of business in Madison, New Jersey.  (Compl. ¶ 5a.)  Defendant Wyeth Pharmaceuticals, Inc., is a Delaware corporation with its principal place of business in Collegeville, Pennsylvania.  (*Id*. ¶ 5b.) Defendant Pharmacia & Upjohn Company is a Delaware corporation with its principal place of business in Michigan.  (*Id.* ¶ 6a.)  Defendant Pfizer, Inc., is a Delaware corporation with its principal place of business in New York, New York.  (*Id.* ¶ 6b.)

According to the Complaint, Plaintiff Joan Straube ingested hormone therapy drugs from 1995 to 1998.  (*Id*. ¶¶ 4, 7.)  Mrs. Straube was diagnosed with breast cancer in 1998.  (*Id*. ¶ 8.)  Mrs. Straube contends that, as a result of ingesting the hormone therapy drugs, she developed breast cancer, resulting in personal injuries and damages.  (*Id.*)  In

2

addition, Plaintiff Joseph Straube asserts a claim of loss of consortium as a result of his wife's diagnosis and injuries. (*Id.* ¶ 9.) Plaintiffs maintain that Defendants manufactured the hormone therapy drugs ingested by Joan Straube. (*Id.* ¶ 7.) Mrs. Straube contends that she bought and ingested the hormone therapy products in Illinois and that her treating physicians reside in Illinois. (Pls.' Submission at 3, 8.)

## DISCUSSION

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When deciding a motion to transfer pursuant to § 1404(a), the Court must consider the convenience of the parties, the convenience of the witnesses, and the interest of justice. *See Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). In considering these factors, the Court must make a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id*. The burden is on the party seeking the transfer "to show that the balance of factors 'strongly' favors the movant." *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999) (quotation omitted).

The Court first concludes that this action "might have been brought" in the Northern District of Illinois. 28 U.S.C. § 1404(a). An action may be brought in any district where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). Here, the events giving rise to Plaintiffs' claim occurred in Illinois, which is where Mrs. Straube bought and ingested hormone therapy products and where Plaintiffs and Mrs. Straube's treating physicians reside.

3

The Court also concludes that the convenience of the parties and witnesses favor transfer to the Northern District of Illinois. Here, neither Plaintiffs nor Defendants reside in Minnesota. Nor have Plaintiffs alleged any other connection with the State. Moreover, the underlying facts related to Plaintiffs' ingestion of hormone replacement drugs and diagnosis and treatment for breast cancer occurred largely, if not wholly, in Illinois. The physicians and other medical personnel involved in Joan Straube's care reside or practice in Illinois.

In addition, other critical witnesses in this action will include experts and company witnesses. While many of these witnesses reside outside of Illinois, there is no evidence that any reside in Minnesota. Therefore, these witnesses will be required to travel whether the trial is in Minnesota or Illinois.

The Court must also evaluate what venue will best promote the interest of justice. *Graff*, 33 F. Supp. 2d at 1122. This factor is weighed "very heavily." *Id.* A number of relevant considerations include judicial economy, the plaintiff's choice of forum, the costs of litigating in each forum, obstacles to a fair trial, choice-of-law issues, and the advantages of having a local court determine questions of local law. *See Terra Int'l,* 199 F.3d at 696. Here, Plaintiffs' choice of forum is given less protection since Plaintiffs do not reside in Minnesota, do not have any connection to Minnesota, and because the events underlying this action did not occur in Minnesota. *See Nelson v. Soo Line R.R. Co.*, 58 F. Supp. 2d 1023, 1026 (D. Minn. 2006). Moreover, Plaintiffs have consented to the transfer of this action. Plaintiffs acknowledge that they filed this action in Minnesota to take advantage of this State's statute of limitations period. The Court notes, however,

that because Plaintiffs filed this action in Minnesota, the Minnesota statute of limitations will continue to govern in the transferee court so long as Plaintiffs are entitled to the benefit of the statute of limitations under Minnesota's choice-of-law rules. *See Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990) (holding that a transfer under § 1404(a) does not change the applicable law in a case founded on diversity jurisdiction).

The remaining considerations with respect to the interest of justice weigh in favor of transfer. For example, the substantive law of another state likely applies to Plaintiffs' claims, and the State of Illinois has an interest in determining questions of local law and in protecting the rights of an individual who was injured in that state.

Based on the above, the Court concludes that the interest of justice strongly favors the transfer of this action to the Northern District of Illinois, Eastern Division.

**ORDER**

For the reasons stated, **IT IS HEREBY ORDERED** that:

1. This action is transferred to the United States District Court for the Northern District of Illinois, Eastern Division.

2. The Clerk of Court is directed to effect the transfer.


Dated: June 1, 2011						s/Susan Richard Nelson
								SUSAN RICHARD NELSON
								United States District Judge